UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

WILKINS TORRES,                                         :

                        Plaintiff,          :

        -against-                             :

                                         :

BUGLIONE, FRITZ AND                                      :
ASSOCIATES, LLC;
FRANK G. BUGLIONE, ESQ;                                  :
678 EAST 232ND STREET
ASSOCIATES, LLC;                                         :
FIVE STAR MANAGEMENT, LLC;                               :
MARK STAGG; YANNA SANCHEZ,
                                        :

                    Defendants.    :
-------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10-7-15

Case No. 1:14-cv-6007-PAC

**SETTLEMENT AGREEMENT**

WHEREAS, WILKINS TORRES (hereafter "Plaintiff") commenced this action against BUGLIONE, FRITZ AND ASSOCIATES, LLC, FRANK G. BUGLIONE, ESQ., 678 EAST 232ND STREET ASSOCIATES, LLC, FIVE STAR MANAGEMENT, LLC, MARK STAGG, and YANNA SANCHEZ (hereafter "Defendants"), alleging violations of the Fair Debt Collection Practices Act, New York Consumer Protection Act, and New York City Tenant Harassment Law;

WHEREAS, the parties are interested in resolving the issues alleged in the Complaint in this action, and have negotiated in good faith for that purpose;

WHEREAS, the parties acknowledge that the mutual promises set forth herein are ample consideration for entering into this agreement (the "Settlement Agreement");

WHEREAS, by entering into this Settlement Agreement no party is making any admissions as to the merits of the underlying action nor shall this agreement be deemed a waiver of any party's rights except to the extent set forth herein;

WHEREAS, Plaintiff is represented by his counsel: MANHATTAN LEGAL

SERVICES and LEGAL SERVICES NYC;

WHEREAS, Defendants are represented by their counsel, Buglione, Fritz and Associates, LLC;

IT IS HEREBY STIPULATED AND AGREED by and between the parties as follows:

1. **Settlement Payment**

   A. Defendants agree to pay and Plaintiff agrees to accept the sum of $15,000.00 in satisfaction of all claims.

   B. The sum of $15,000 shall be paid as a rent credit each month beginning October 2015 covering Plaintiff's entire portion of the rent as designated by the Human Resources Administration so long as Plaintiff resides in the subject apartment, at 674 East 232nd Street, Apartment 1A, Bronx, New York 10466, until paid in full or until Plaintiff moves from the subject apartment. This amount is currently $253.80 but is subject to change any month as determined by the Human Resources Administration and if it does change, the monthly rent credit shall change equally to reflect that amount.

   C. If Plaintiff moves from the subject apartment while there is still a balance remaining of the $15,000 rent credit, Defendants agree to pay any sum remaining under this agreement by certified check drawn to the order of Plaintiff within fifteen (15) days of notice that Plaintiff has moved from the subject apartment mailed to Plaintiff's attorney, Manhattan Legal Services.

2. **Attorney's Fees**

   A. Defendants agree to pay and Plaintiff's counsel agrees to accept the sum of $25,000.00 in attorney's fees.

B.      Defendants shall mail a check for $25,000.00 drawn to the order of "Manhattan Legal Services," to Plaintiff's counsel at Manhattan Legal Services, 1 West 125th Street, 2nd Floor, New York, New York 10027 within sixty (60) days after this Settlement Agreement is fully executed.

3.    **Dismissal of Claims**

A.      In consideration of, and conditioned upon, payment by Defendants of their respective Settlement Amounts and payment of the Attorneys Fees, Plaintiff will promptly file the Stipulation of Discontinuance, attached as Exhibit A.

B.      This Court shall retain jurisdiction to determine any disputes arising from or related to this Settlement Agreement.

4.    **Releases**

A.      In consideration of, and conditioned upon, payment by Defendants for the Settlement Amount Plaintiff hereby releases and forever discharges Defendants and their past, present and future agents, representatives, successors, assigns, affiliates, directors, officers, shareholders, employees, and attorneys, from any and all claims, liabilities, obligations, costs and expenses which Plaintiff has against Defendants arising out of or related to matters asserted in this action.

B.      Defendants for themselves and their respective past, present and future agents, representatives, successors, assigns, partners, affiliates, directors, officers, employees, and attorneys hereby release and discharge Plaintiff from, and further covenant and agree that they will not institute, cause to be instituted, or continue, any claims against Plaintiff that are related to matters asserted in this action.

C.      The parties agree that the claims being released are those, known or unknown, anticipated or unanticipated, which the parties had, may have, or may hereafter

Case 1:14-cv-06007-PAC   Document 44   Filed 10/06/15   Page 4 of 12

have or claim, that are based upon, connected with, arising out of or related to the
facts, matters or circumstances of this action, and all and only such claims are
hereby released and discharged.

5.    **Practice Changes**

A. Defendants agree to implement and use the following practice changes:

   I.    **Record Keeping Practices**

   a.  Defendants Buglione, Fritz and Associates, LLC, Frank Buglione, 678
       East 232nd Street, and Five Stars Management will develop new practices
       related to billing and the commencement of nonpayment proceedings in
       housing court. These new practices will include the exercise of due
       diligence to ensure that the rent sought is actually owed.

   b.  Defendants 678 East 232nd Street and Five Stars Management shall
       maintain accurate records of rent payments for each apartment and shall
       regularly update these records to accurately reflect what a tenant's rent
       charges and rent payments are.

   II.    **Practices in Court Proceedings**

   a.  Defendants will not knowingly charge any tenant any illegal rent or fees
       or surcharges to which they are not entitled.

   b.  Defendants shall not file a court case against a tenant until after such
       tenant has been given an opportunity to contact Defendants and this
       period shall not be less than ten days.

   c.  Prior to commencing any court proceeding against a tenant relating to
       nonpayment of rent or a holdover, Defendants shall exercise due
       diligence to verify whether or not there are facts to support the non-
       payment or holdover proceeding. Due diligence shall include, for

example, an examination of the rent payment history for the tenant, any tenant files held by Defendants and an examination of any prior court proceedings.

d. Prior to commencing nonpayment cases, Defendants will conduct an investigation to ensure that no prior nonpayment for the arrears alleged to be currently owed was discontinued or dismissed. If it was discontinued or dismissed, Defendants must verify that the rent arrears claimed of were not disposed of through the prior case before commencing a new nonpayment proceeding. Defendants shall not bring nonpayment proceedings for rent arrears which a prior court proceeding established was not owed.

e. Defendants will promptly discontinue court proceedings initiated against tenants when they learn that they have no valid cause of action and such court proceedings will be discontinued with prejudice. Defendants will agree to expunge any such case from tenant screening bureau records.

f. Defendants will promptly update the records of rent payments to reflect the correct balance of arrears of any tenants as either agreed to by stipulation in court or as ordered by a court.

III.   **Practices in Communications to Tenants**

a. Defendants shall include a notice on any written rent demand advising tenants that they may request a rent ledger/breakdown of the rental arrears shown. Defendants shall provide a rent ledger/breakdown within 10 business days of any such request.

b. Defendants will not send any rent demands for rent allegedly owed prior to the 10th day of the month in which the rent is due. Defendants may

send reminders which do not threaten eviction proceedings that the rent is owed prior to the 10th day of the month but in no event prior to the 5th day of the month in which the rent becomes due. Defendants will verify that no payment has been received before sending any rent demand or notice to vacate.

c. Defendants shall refrain from sending notices which Defendants have knowledge contain false information about the tenants' rent balance.

d. Defendants shall not send notices which inform tenants that they are at risk of eviction when no such risk exists under the law. Any such notice shall be factually accurate and written in unambiguous language.

e. Defendants' employees will be respectful and courteous to tenants and will refrain from using coarse language or menacing tenants.

6.   **Plaintiff's Tenancy Records**

Upon the signing of this Settlement Agreement, Defendants agree to take the following actions with regard to Plaintiff's tenancy:

A.   Defendants shall update Plaintiff's rental accounts and rent ledgers to reflect a zero balance for all rent paid until October 2015. Defendants shall update such accounts and ledgers within ten (10) days of the signing of this Settlement Agreement and shall provide copies of such updated accounts and ledgers to Plaintiff's attorneys within fifteen (15) days of the signing of this Settlement Agreement.

B.   Defendants shall remove any late fees from Plaintiff's rent accounts. Defendants shall remove such late fees within ten (10) days of the signing of this Settlement Agreement and shall provide copies of such records with late fees removed to

Plaintiff's attorneys within fifteen (15) days of the signing of this Settlement Agreement.

C.     Defendants agree to the expungement of any record of nonpayment proceedings against Plaintiff in housing court from the court records and any database of any tenant screening bureau or credit reporting agency.

7.    **Defaults**

The parties agree that in the event of a breach of this agreement, the party alleging breach shall provide a five day notice of default to the other party's attorney. The parties shall make a good faith effort to resolve any alleged default. If the effort is unsuccessful, the party asserting a breach occurred may restore the case to the court calendar for appropriate relief, including but not limited to a claim for additional attorneys' fees and costs.

8.    **Consultation with Counsel**

All parties represent and acknowledge that they fully understand their right to discuss any and all aspects of this Settlement Agreement with legal counsel of their own choosing; that to the extent, if any, that they desire, they have availed themselves of this right; that they have carefully read and fully understand all the provisions of this Settlement Agreement.

9.    **Joint Preparation**

This Settlement Agreement has been prepared jointly by counsel for all parties, with a full opportunity for all parties to negotiate its terms. Accordingly, any rule of law or legal decision that would require interpretation of any ambiguities in this agreement against the party that drafted it is not applicable and is hereby waived.

10.    **Severability**

The provisions of this Settlement Agreement are severable, and if any provision of this Settlement Agreement is found to be invalid or unenforceable, then such provision shall be

deemed to be deleted only to the extent it is found invalid or unenforceable and the parties agree to reform this Settlement Agreement so that all parties may have the benefit of its bargain as intended hereby to the fullest lawful extent. Such invalid or unenforceable provision shall not affect the validity of the remainder of this Settlement Agreement, and the remaining provisions shall continue in full force and effect.

11.    **Entire Agreement**

This Settlement Agreement sets forth the entire agreement entered into by the parties, and any other prior understandings or agreements with respect to the allegations in this proceeding are incorporated herein.

12.    **Modification**

This Settlement Agreement cannot be modified, changed or amended, except in a writing signed by all parties.

13.    **Applicable Law**

The Parties agree that any disputes concerning the interpretation, application, or enforcement of this Agreement shall be governed and construed (both as to validity and performance) and enforced in accordance with the internal laws of the State of New York applicable to agreements made and to be performed wholly within such jurisdiction, without regard to principles of conflicts of law or where the Parties are located at the time a dispute arises, and that such dispute must be brought in a court situated in the state of New York.

14.    **Execution**

This Settlement Agreement may be executed by facsimile and in counterparts, which, when taken together, shall be deemed an original.


_____
Wilkins Torres

Date: ___9/30/15___

BUGLIONE, FRITZ AND
ASSOCIATES, LLC

By: _____
Frank Buglione
Buglione, Fritz and Associates, LLC
4419 Third Avenue, Suite 4B
Bronx, NY 10457
(718) 676-1474
*Attorneys for Defendants Buglione, Fritz and
Associates, LLC, Frank G. Buglione, Esq., 678
East 232nd Street Associates, LLC, Five Star
Management, LLC, Mark Stagg, and Yanna
Sanchez
On behalf of all Defendants*

Date: ___9/23/15___

LEGAL SERVICES NYC

By: _____
Sarah Alba
Molly Doherty
Manhattan Legal Services
One West 125th Street, 2nd Floor
New York, New York 10027
(646) 442-3188

Edward Josephson, Esq.
Legal Services NYC
105 Court Street, 4th Floor
Brooklyn, New Yok 11207
(718) 237-5538
*Attorneys for Plaintiff*

Date: ___9/30/2015___

SO ORDERED:  10-7-15

_____
Paul A. Crotty
U.S.D.J.